**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHINNA DUNIGAN**                                                                **PLAINTIFF**

**V.**                                                          **NO. 4:19-CV-33-DMB-JMV**

**MISSISSIPPI VALLEY STATE
UNIVERSITY; RENARDO HALL
(individual capacity)**                                                    **DEFENDANTS**

## ORDER

Before the Court is "Plaintiff's Consented Motion to File Under Seal," Doc. #94; and the defendants' "Motion to Strike Plaintiff's Consented Motion to File under Seal and for Miscellaneous Related Relief," Doc. #96.

## I
## Relevant Procedural History

On January 31, 2020, the deadline to respond to the defendants' *Daubert* motion, Chinna Dunigan filed "Plaintiff's Opposition to Defendants' *Daubert* Motion." Doc. #92. As exhibits to the document, Dunigan attached "Plaintiff's Designation of Expert Witnesses" as Exhibit 1, Doc. #92-1; and a document titled, "Exhibit 2 Medical Records (Placeholder - document to be filed under seal)," Doc. #92-2. The same day, Dunigan also filed a single-page document titled, "Plaintiff's Memorandum in Opposition to *Daubert* motion (placeholder - document to be filed under seal)." Doc. #93. Dunigan then filed "Plaintiff's Consented Motion to File Under Seal," which seeks to seal Exhibit 2 and the memorandum. Doc. #94 at 1.

On February 10, 2020, the defendants filed a "Motion to Strike Plaintiff's Consented Motion to File under Seal and for Miscellaneous Related Relief," requesting that the Court strike Dunigan's motion to seal and grant the defendants' *Daubert* motion as unopposed. Doc. #96.

Dunigan responded in opposition to the motion three days later.  Doc. #97.

## II
## Motion to Seal

In her motion to seal, Dunigan represents that Exhibit 2 contains medical records, and that "the memorandum discusses [the medical records] in detail and at length."  Doc. #94 at PageID #650.  She argues that "[m]edical records are generally recognized to contain information subject to protection under federal and Mississippi state law" and that "[g]iven these protections, courts routinely allow medical records to be filed under seal."  *Id.* (citing cases).  Dunigan also contends, ostensibly as the reason she filed only "placeholder" documents, that a motion to seal must be "granted before the [] documents [requested to be sealed] can be officially filed under seal."  Doc. #97 at PageID #660.

First, Dunigan is wrong that her motion to seal must be granted before the documents she wishes to seal can be filed.  Local Rule 79, which governs the sealing of court records, provides that "[t]he document [sought to be sealed] and any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion [to seal]."  L.U. Civ. R. 79(e).

Second, as for filing documents sought to be sealed, Federal Rule of Civil Procedure 5(d) states that a filing is made either by delivery to the clerk, delivery "to a judge who agrees to accept it for filing," or electronically.  Though Dunigan represents that her "complete and unredacted opposition was properly served by email on counsel for the Defendants on the deadline, January 31, 2020,"[1] she has not shown that, at the time the motion to seal was filed, Exhibit 2 and the memorandum were delivered to the Clerk of the Court or to a judge.  To the extent these documents were not filed or submitted in the manner required by this Court's procedural rules, not only is

---

[1] Doc. #97 at PageID #660; Doc. #97-1.

Dunigan's opposition incomplete but this Court has nothing to review to determine whether the motion to seal should or should not be granted.[2] *See* L.U. Civ. R. 79(e)(2) ("Any document … *filed* with the intention of being sealed must be accompanied by a motion to seal.") (emphasis added).

Even had Dunigan filed, or at least submitted to this Court or the Court's Clerk, the documents she seeks to seal, her motion to seal does not comply with the requirements of Local Rule 79 in certain ways. For one thing, it is not accompanied by a non-confidential supporting memorandum. *See* L.U. Civ. R. 79(e)(3). While Dunigan does ask the Court to "relieve [her] of any obligation to submit a supporting memorandum brief of authorities,"[3] her motion, among other things, fails to include (1) "why sealing … is most appropriate, and why another procedure will not suffice," *see* L.U. Civ. R. 79(e)(3)(C); (2) whether sealing should be permanent and if not, a statement of the period of time the documents should remain under seal and how their unsealing should be handled, *see* L.U. Civ. R. 79(e)(3)(E); and (3) and whether the documents should be sealed from public access only, or from access by the public and the litigants' counsel, *see* L.U. Civ. R. 79(e)(3)(B). It further appears that Dunigan did not submit a proposed order on the motion. *See* L.U. Civ. R. 79(e)(3)(F).

For all of the reasons above, Dunigan's motion to seal will be denied. However, because the defendants do not appear to have been prejudiced by Dunigan's failures, since Dunigan represents she e-mailed the defendants a copy of her complete and unredacted opposition (which presumably included Exhibit 2 and her memorandum) on the date it was due, and because there is

---

[2] Only in response to the defendants' motion to strike did Dunigan submit to the Court by e-mail a copy of her memorandum opposing the *Daubert* motion and a copy of the medical records she seeks to seal. This did not occur until February 13, 2020—thirteen days after Dunigan filed the motion to seal. This Court will not scour e-mails or separate motion filings to determine what documents should have been submitted with a particular motion.

[3] Doc. #94 at PageID #651.

no dispute that the defendants consented to the filing of the documents under seal, the Court will allow Dunigan the opportunity to re-file the motion to seal.

## III
## Motion to Strike

Because the Court will deny Dunigan's motion to seal, the defendants' motion to strike will be denied as moot.[4]

## IV
## Conclusion

Dunigan's motion to seal [94] is **DENIED without prejudice**. The defendants' motion to strike [96] is **DENIED as moot**. Within seven (7) days of the entry of this order, Dunigan may re-file the motion to seal in accordance with the applicable procedural rules.[5]

**SO ORDERED**, this 2nd day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Notably, the defendants did not file a memorandum brief along with their motion to strike. While they ask that they be relieved of the requirement to file a separate memorandum, they point to no authority which, under these particular circumstances, would support their request that Dunigan's motion to seal be stricken.

[5] Among other things, Dunigan should specifically explain why redaction would not suffice.