**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHINNA DUNIGAN**                                                                                      **PLAINTIFF**

**V.**                                                                                                              **NO. 4:19-CV-33-DMB-JMV**

**MISSISSIPPI VALLEY STATE
UNIVERSITY; RENARDO HALL
(individual capacity)**                                                      **DEFENDANTS**

**ORDER**

On January 17, 2020, the defendants filed a *Daubert* motion to exclude Chinna Dunigan's designated treating mental health experts. Doc. #88. On March 3, 2020, Dunigan moved to file under seal (1) medical records she seeks to file as an exhibit to her response to the *Daubert* motion, and (2) her response memorandum which discusses the medical records.[1] Doc. #111. Dunigan's motion to seal, which is unopposed,[2] will be granted in part and denied in part.

**I
Analysis**

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *Id.* In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must

---

[1] Dunigan's first motion to seal these documents was denied because the motion failed to comply with Local Rule 79(e). Doc. #109.

[2] *See* Doc. #111 at PageID #1641.

"balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993).

Dunigan seeks to permanently seal the medical records and her memorandum because the medical records "contain[] therapy treatment notes and OB-GYN medical records, and the memorandum discusses them in detail and at length." Doc. #112 at PageID #1643. As authority for this request, Dunigan cites the Health Insurance Portability and Accountability Act of 1996's general provision for the confidentiality of medical records; Mississippi's doctor-patient privilege statute, Miss. Code Ann. § 13-1-21; and Mississippi Rule of Evidence 503 regarding doctor-patient privilege.[3] Doc. #112 at PageID ## 1643–44.

### A. Medical Records

The Fifth Circuit has recognized that "HIPAA generally provides for confidentiality of medical records." *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing 42 U.S.C. §§ 1320d-1 to d-7). Dunigan argues that the therapy notes in the medical records "discuss certain very private traumas" and her "secret and confidential thoughts and feelings about current relationships with family and friends." Doc. #112 at PageID #1644.

Having reviewed the medical records Dunigan submitted to the Court in camera, the Court agrees that they contain sensitive information warranting their nondisclosure. These records contain detailed therapy notes concerning Dunigan's mental health, past traumas, intimate discussions about her family members, and her prescribed medications. Further, they include her OB-GYN medical records containing, among other things, her sexual health history. The Court finds that the interest in protecting Dungan's private health information far outweighs the public's

---

[3] Dunigan does not explain why a state statute would be authoritative in this federal court. Nor does she explain why a state rule of evidence would apply in this federal court, rather than a federal rule of evidence.

interest in the medical records. Accordingly, Dunigan's request to file under seal the medical records as an exhibit to her response will be granted.

### B. Response Memorandum

Dunigan contends that her memorandum in support of her response should be sealed because it discusses her medical records "in detail and at length" and "[r]edactions … would not be sufficient." Doc. #112 at PageID ##1643, 1645.

The Court has reviewed the unredacted memorandum submitted in camera by Dunigan. The unredacted memorandum includes details of Dunigan's medical records, particularly treatment notes and prescribed medications, to describe the treatment the physicians provided her. Dunigan has already docketed a redacted version of the memorandum in support of her motion to seal. *See* Doc. #113. The redacted version omits the intimate details in Dunigan's medical records. The Court finds that sealing the memorandum is unnecessary and that redaction alone is sufficient to balance the public's right of access to judicial records and Dunigan's interest of nondisclosure. Unlike the medical records, the memorandum does not mostly consist of private health information. A large part of the memorandum consists of Dunigan's arguments opposing the defendants' *Daubert* motion. The Court believes Dunigan's privacy concerns are adequately addressed by the redacted memorandum. Accordingly, Dunigan's request to file under seal an unredacted copy of the memorandum is unnecessary and will be denied.

### II
### Conclusion

Dunigan's motion to seal [111] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks to file under seal Dunigan's medical records as an exhibit[4] to

---

[4] Though not specified in Dunigan's motion to seal, the medical records will comprise Exhibit 2 to Dunigan's response. *See* Doc. #92-2.

her response in opposition to the defendants' *Daubert* motion. The motion is DENIED in all other respects. The medical records may be filed under seal[5] no later than June 2, 2020. The redacted memorandum [113] filed on March 3, 2020, is the operative memorandum in support of Dunigan's response.

  **SO ORDERED**, this 26th day of May, 2020.

/s/Debra M. Brown    <br>**UNITED STATES DISTRICT JUDGE**

---

[5] The medical records filed under seal shall be the same medical records electronically mailed to the Court on March 3, 2020.