IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHINNA DUNIGAN**                                                                                    **PLAINTIFF**

**V.**                                                **NO. 4:19-CV-33-DMB-JMV**

**MISSISSIPPI VALLEY STATE
UNIVERSITY; RENARDO HALL
(individual capacity)**                                                  **DEFENDANTS**

**ORDER**

Before the Court is the "Defendants' *Daubert* Motion to Exclude Plaintiff's Designated Treating Mental Health Experts." Doc. #88.

**I
Relevant Procedural History**

On February 27, 2019, Chinna Dunigan filed a complaint against her employer Mississippi Valley State University ("MVSU") and her former supervisor Renardo Hall. Doc. #1. In her complaint, Dunigan asserts claims under Title VII and 28 U.S.C. § 1983 based on allegations that, due to her pregnancy, MVSU and Hall failed to promote her to full-time hours and pay, and MVSU retaliated against her after she filed an EEOC charge. *Id.* at PageID ##7, 12–13. Pursuant to a June 26, 2019, case management order entered by United States Magistrate Judge Jane M. Virden, the discovery deadline was set for December 27, 2019. Doc. #18.

On September 25, 2019, Dunigan designated as her expert witnesses Dr. Carolyn V. Tingle (a psychiatrist), Kiana Jones (a therapist), and Dr. Mark Blackwood (an OB/GYN). Doc. #36; Doc. #88-1. On January 13, 2020, the defendants filed a motion to exclude Tingle, Jones, and Blackwood as experts, Doc. #80, on the ground that Dunigan's expert designation for each expert was "hopelessly vague and conclusory, completely devoid of substance, and … wholly inadequate

to allow Defendants to prepare for the anticipated trial testimony of Plaintiff's experts," Doc. #81 at 2. Four days later, the defendants filed "Defendants' *Daubert* Motion to Exclude Plaintiff's Designated Treating Mental Health Experts," Doc. #88, which argues that Dunigan's expert designation "offers no information that would be required under Rule 702 or *Daubert*," Doc. #89 at 4.

On February 6, 2020, Judge Virden denied as untimely the January 13 motion because it was filed fewer than thirty days before the close of discovery and, pursuant to Local Rule 26(a)(3), "challenges … to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." Doc. #95 at 1. However, Judge Virden observed that "it bears noting that a denial of motion to strike does not make plaintiff's expert disclosure any more or less adequate, under Fed. R. Civ. P. 26, than it actually is. In other words, unless the district judge finds otherwise, plaintiff will be limited at trial to offering only those facts and opinions that have, in fact, been properly disclosed." *Id*. at 2.

## II
## Analysis

As quoted by Judge Virden, Local Rule 26(a)(3) prohibits a party from raising a challenge to the adequacy of an expert disclosure fewer than thirty days before the close of discovery. This waiver rule has been applied under circumstances virtually identical to the case here.

In *Caldwell v. Wal-Mart Stores East, LP*, a plaintiff, like Dunigan here, "designated her treating physicians as experts and stated that they would testify consistent with their medical records" but offered no further detail as to the substance of their opinions. No. 3:10-cv-651, 2012 WL 1712377, at *1 (S.D. Miss. May 14, 2012). The defendant moved to strike the expert on the basis of inadequate disclosure after the deadline established by Local Rule 26(a)(3). *Id*. United States District Judge Daniel P. Jordan III noted that the disclosure failed to comply with the

applicable rules but that the defendant had waived its objection to the disclosure. *Id*. Accordingly, Judge Jordan denied the motion and held that "Plaintiff's treating physicians may offer expert testimony consistent with, and limited by, the medical records and bills referenced in the disclosures." *Id*.

There is no dispute that the defendants failed to raise a challenge to the adequacy of Dunigan's expert disclosure before the expiration of the deadline established by Local Rule 26(a)(3). Accordingly, there is no question that Judge Virden correctly found that the defendants had waived any challenge to the adequacy of the disclosure. Any challenge to adequacy should, therefore, be denied as waived. *Caldwell*, 2012 WL 1712377, at *1. Perhaps aware of this issue, the defendants seek to frame their argument not as a challenge to disclosure but as a challenge to reliability under *Daubert* based on the allegedly inadequate disclosure. The Court is unwilling to credit this fiction.

At its heart, the motion is a challenge to the adequacy of Dunigan's disclosure. However, any such challenge has been waived under Local Rule 26(a)(3). To hold that a party may circumvent the waiver provision of Local Rule 26(a)(3) by simply relabeling their motion as a *Daubert* challenge would be to eviscerate the purpose and effect of the Local Rule. It would also improperly import *Daubert*'s reliability requirements into the disclosure requirements. *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D. Kan. 2003) ("It bears emphasizing that plaintiffs have cited no legal authority for the proposition that expert disclosures—standing alone—must meet and exceed all possible lines of attack under *Daubert*."). The Court declines to do either of these things. The motion to exclude [88], therefore, is **DENIED**.

**SO ORDERED**, this 29th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**