**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHINNA DUNIGAN**                                                                   **PLAINTIFF**

**V.**                                            **NO. 4:19-CV-33-DMB-JMV**

**MISSISSIPPI VALLEY STATE
UNIVERSITY, RENARDO HALL
(individual capacity)**                                                **DEFENDANTS**

## ORDER

On October 26, 2020, the defendants, pursuant to Rule 68 of the Federal Rules of Civil Procedure, served on Chinna Dunigan an offer of judgment on Dunigan's Title VII claims. Doc. #170. Later that day, Dunigan filed a notice of acceptance of the offer, Doc. #171, with a copy of the offer of judgment, Doc. #171-1. The offer of judgment states:

> COME NOW the Defendants, Mississippi Valley State University and Renardo Hall (Individually), by and through counsel, pursuant to the applicable provisions of Rule 68 of the Federal Rules of Civil Procedure, and hereby offer to allow the Judgment to enter against them, in the amount of twenty thousand dollars and no/00 (i.e., $20,000), as to the Plaintiff, Chinna Dunigan, in complete satisfaction of all Plaintiff's claims. The offer is conditioned, however, upon Plaintiff accepting same within ten (10) days after service hereof, at the expiration of which ten (10) days the offer is withdrawn.

*Id*.

The Court has since received a proposed judgment from each side. Dunigan's proposed judgment includes a provision that "Plaintiff shall recover her costs, including fees, in an amount to be determined upon filing of a petition." The defendants' proposed judgment includes no such language. This order serves to clarify the procedural posture of the case and resolve the differences in the proposed judgments.

Rule 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

In this case, an offer of judgment was served and properly accepted. The Clerk of the Court must, therefore, enter judgment consistent with the offered judgment (here, $20,000 in Dunigan's favor). The question is whether after the judgment, Dunigan may seek additional costs, including attorney's fees.

"The term costs in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Energy Intell. Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 279 (5th Cir. 2020) (internal quotation marks omitted) (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985)). "[B]ecause the enforcement provision of Title VII defines costs to include attorneys' fees, the cost-shifting provision of Rule 68 also applies to attorney's fees in Title VII cases." *Furcron v. Mail Ctrs. Plus, LLC*, 776 F. App'x 622, 624 (11th Cir. 2019) (citing *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1445 (11th Cir. 1997)).

Pursuant to Rule 68, a "defendant [may] make a lump-sum offer combining substantive relief and costs (including fees) in a single sum. If the defendant makes such an offer, plaintiff may not accept the offer and then apply to the court for an award of fees in addition." 12 Fed. Prac. & Proc. Civ. § 3005.1 (3d ed.) (footnotes omitted). If no lump-sum offer is made, the plaintiff is entitled to costs, including fees if applicable. *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 694 (7th Cir. 2013). In determining whether a lump-sum offer has been made, ambiguities must be resolved against the offering defendant. *Lilly v. City of N.Y.*, 934 F.3d 222, 236 (2d Cir. 2019); *Lima v. Newark Police Dep't*, 658 F.3d 324, 330 (3d Cir. 2011) (collecting cases). Accordingly,

when an offer is "silent as to costs and fees," a plaintiff is "entitled to attorney fees and costs under the Rule 68 offer she accepted." *Sanchez*, 709 F.3d at 694; *Lima*, 658 F.3d at 331 ("When … the offer of judgment is silent as to fees and costs, they must be fixed by the court after the offer of judgment is accepted.").

Here, the defendants' offer was silent as to fees and costs. It follows that Dunigan may seek to recover such amounts in addition to the accepted judgment amount. Any such request should comply with the timing provisions set forth in Federal Rule of Civil Procedure 54(d) and all other applicable law. In light of Dunigan's acceptance of the offer, this case is **CLOSED**.

**SO ORDERED**, this 27th day of October, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**