IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHINNA DUNIGAN**                                                                               **PLAINTIFF**

V.                                                   **NO. 4:19-CV-33-DMB-JMV**

**MISSISSIPPI VALLEY STATE
UNIVERSITY; RENARDO HALL
(individual capacity)**                                            **DEFENDANTS**

### ORDER

On October 26, 2020, Chinna Dunigan accepted the defendants' Rule 68 offer of judgment "in the amount of twenty thousand dollars and no/00 (i.e., $20,000), … in complete satisfaction of all Plaintiff's claims." Docs. #171, #171-1. The next day, this Court, in addressing the parties' dispute about the language of the judgment to be entered, found that because "the defendants' offer was silent as to fees and costs … Dunigan may seek to recover such amounts in addition to the accepted judgment amount." Doc. #173 at 3.

On October 29, 2020, Dunigan filed a "Rule 54(d) Motion for Plaintiff's Costs Including Attorney Fees," in which she seeks $97,932 in attorney fees and $3,331.86 in costs. Doc. #176 at 1. The total fee amount is based on the sum of the hourly rate of four persons times the number of hours attributed to each on the case. *Id.* In response to the motion, the defendants point out, among other things, that Dunigan's counsel "failed to submit his employment contract with Plaintiff, so that this Court has no way of determining whether he has previously or plans to receive compensation for attorney fees on a contingency fee." Doc. #178 at 2. In reply, Dunigan did not submit her employment contract with her counsel. Rather, her counsel submitted a supplemental declaration which includes the following statement:

>In the present case, the confidential contingency fee engagement letter with Ms. Dunigan provided as follows concerning fees: "Fees will be hourly at $318 per hour, and will be paid at the successful conclusion of the case. Court and litigation costs such as filing fees, expert witnesses, travel expenses, and depositions will be paid by you as we go. A retainer of $1,000 is owed for costs, and will be refreshed as it is depleted. In addition to the hourly rate, a contingency attorney fee of 25% of any settlement will be paid if the case settles before summary judgment, and 35% of any moneys recovered by any means thereafter. The retainer is your money, and will remain in a client trust account until it is used or earned."

Doc. #180-1 at ¶ 12.

Though Dunigan's counsel characterizes his contingency fee engagement letter with Dunigan as confidential, he does not explain why it deserves such a title. To the extent the contingency fee engagement letter is quoted in part but not provided in full, and because neither Dunigan nor her counsel has explained precisely what about the engagement letter is confidential under applicable law, this Court requires more. Accordingly, within seven (7) days of the entry of this order, Dunigan and/or her counsel shall submit to the Court for in camera review a complete copy of the contingency fee engagement letter.

**SO ORDERED**, this 9th day of December, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**